UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat,<br><br>    Defendant. | Civil Action No. 1:12-CV-10447-WGY |

**DEFENDANT'S MOTION TO STRIKE AND/OR DISREGARD CERTAIN AFFIDAVITS AND DOCUMENTS PROFERRED BY PLAINTIFF**

Defendant Pets Global, Inc. d/b/a Fussie Cat and Premium Fussie Cat ("Pets Global"), by its attorneys, Pierce Atwood LLP, hereby moves the Court to strike and/or disregard certain affidavits and documents proffered by Plaintiff Weruva International, Inc. ("Weruva") in support of its Motion for Preliminary Injunction (Document No. 3). Specifically, Pets Global requests the Court to strike and/or disregard the following portions of Weruva's affidavits supporting its Motion for Preliminary Injunction: (a) Paragraphs 9, 12, 16 and 17 and Exhibits A and E through K of the Affidavit of David Forman ("Forman Affidavit") (Document No. 5); (b) the Affidavit of Howard Woolf ("Woolf Affidavit") (Document No. 6); (c) the Affidavit of Michael Directo ("Directo Affidavit") and its Exhibit A (Document No. 9); and (d) the Affidavit of Daniel Wangerin ("Wangerin Affidavit") and its Exhibit A (Document No. 7). Defendant further moves to strike and/or disregard any references to these affidavits and documents in Weruva's Motion for Preliminary Injunction and its supporting memorandum of law (Document No. 12).

Both Weruva and Pets Global manufacture – in exactly the same facility in Thailand – and distribute a competing line of "human style" cat food. Weruva, based in Natick, Massachusetts, commenced its operations in 2006. Pets Global entered this specialty market recently in late 2010. The only material difference between the parties' products is that a typical can of Weruva's product sells at retail for $1.29, whereas Weruva's product is priced at 89¢, a full 30% less than Weruva's product. Weruva, seemingly fearful of legitimate competition from a new market entrant, thus turns to the Court House instead of the marketplace in an attempt to maintain its pricing power and has moved for a mandatory preliminary injunction, currently set for hearing on June 18, 2012. As is set forth in greater detail below and in Pets Global's supporting memorandum, much of the "evidence" upon which Weruva relies in its moving papers constitutes or contains inadmissible hearsay for which no hearsay exception exists, consist of statements that are wholly unreliable and lack the basic indicia of fairness or reliability, assertions that are not based on personal knowledge, unauthenticated documents of dubious provenance, some of which contain inappropriate redactions clearly designed to prevent or hinder an investigation into their source or origin, or consist of purported "expert" opinion that don't even come close to satisfying the requirements of Fed. R. Evid. 702. More specifically:

    1.    Paragraphs 9, 12, 16 and 17 and Exhibit E of the Forman Affidavit constitute and/or contain inadmissible hearsay. Although not dispositive under *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23 (1st Cir. 1986), the statements are wholly unreliable and lack the basic indicia of fairness or reliability. Likewise, the statements in paragraphs 9, 12, 16 and 17 of the Forman Affidavit are not based on personal knowledge and are inadmissible on that basis. Finally, Exhibit E of the Forman Affidavit is inadmissible hearsay and unauthenticated. These materials, and all references to them, should therefore be stricken and/or disregarded.

2. Exhibits A and K of the Forman Affidavit constitute and/or contain inadmissible hearsay. Again, although not dispositive under *Asseo*, the statements are wholly unreliable and lack the basic indicia of fairness or reliability. Likewise, these exhibits are inadmissible because they are unauthenticated and inappropriately redacted. These materials, and all references to them, should therefore be stricken and/or disregarded.

3. Exhibits G, H, I and J of the Forman Affidavit constitute and/or contain inadmissible hearsay. Although not dispositive under *Asseo*, the statements are wholly unreliable and lack the basic indicia of fairness or reliability. Likewise, the exhibits are unauthenticated. Finally, the purported "expert" opinions provided in these exhibits do not come anywhere close to satisfying the requirements for admissibility of expert opinion set forth in Fed. R. Evid. 702. These materials, and all references to them, should therefore be stricken and/or disregarded.

4. Exhibit F of the Forman Affidavit constitutes and/or contains inadmissible hearsay. Although not dispositive under *Asseo*, the statements are wholly unreliable and lack the basic indicia of fairness or reliability. Likewise, the exhibit is unauthenticated. Finally, the purported "expert" opinion provided in this exhibit does not satisfy the requirements for admissibility of expert opinion set forth in Fed. R. Evid. 702. These materials, and all references to them, should therefore be stricken and/or disregarded.

5. The Woolf Affidavit constitutes and/or contains inadmissible hearsay. Likewise, the statements contained in the affidavit are wholly irrelevant to this case. Accordingly, these materials, and all references to them, should therefore be stricken and/or disregarded.

6. The Directo Affidavit and its Exhibit A are unauthenticated. Likewise, the photographs depicted in Exhibit A are irrelevant because there is an insufficient nexus between

the images depicted in the photographs and Pets Global.  These materials, and all references to them, should therefore be stricken and/or disregarded.

7.	The Wangerin Affidavit and its Exhibit A constitute and/or contain inadmissible hearsay.  Although that is not dispositive under *Asseo*, the statements are wholly unreliable and lack the basic indicia of fairness or reliability.  Likewise, Exhibit A is inadmissible because it is unauthenticated.  These materials, and all references to them, should therefore be stricken and/or disregarded.

8.	Finally, given the extraordinary nature of the remedy Weruva seeks, and given that this suit involves direct competitors, the Court should be particularly vigilant in policing potentially unreliable evidence.

For all of these reasons and for the additional reasons set forth in Defendant's Memorandum of Law submitted with this Motion, the referenced materials should be stricken and/or disregarded.

Dated: May 25, 2012

> Respectfully submitted,
>
> PETS GLOBAL, INC.
>
> By its attorneys,
>
> /s/ Larry L. Varn
> Larry L. Varn (BBO #508130)
> lvarn@pierceatwood.com
> Jeffrey E. Francis (BBO #639944)
> jfrancis@pierceatwood.com
> PIERCE ATWOOD LLP
> 100 Summer Street, Suite 2250
> Boston, MA  02110
> Telephone: (617) 488-8100
> Facsimilie: (617) 824-2020

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of May, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system.  Service on counsel of record has been effectuated by electronic means.

                                            */s/ Larry L. Varn*