UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WERUVA INTERNATIONAL, INC.,

Plaintiff,

v.

PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat,

Defendant.

Civil Action No. 1:12-CV-10447-WGY

**DEFENDANT'S ANSWER**

Defendant Pets Global, Inc. ("Pets Global"), by its attorneys, Pierce Atwood LLP, hereby answers the Complaint and Demand for Jury Trial, dated March 9, 2012 (the "Complaint"), of Plaintiff Weruva International, Inc. ("Weruva"), as follows:

"Parties"

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admits the allegations in paragraph 2, except Pets Global avers that its principal place of business is located in North Hollywood, California.

"Jurisdiction and Venue"

3. In response to paragraph 3, Pets Global restates and incorporates as if set forth in full herein its responses to paragraphs 1 and 2 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required.

"Factual Background"

6. In response to paragraph 6, Pets Global restates and incorporates as if set forth in full herein its responses to paragraphs 1 through and including 5 of the Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits and avers that Weruva claims, on its web site and elsewhere, that its cat food products are "Better Than Human Grade!", that "We Use Ingredients that People Actually Eat!", that its cat food products are "The Best Cat Food Under the Sun", and that its cat food products are "Made in a Human Food Facility" though acknowledging (in very small type) that they are "For Pets Only". Despite these claims, Weruva uses many ingredients, including tuna red meat, sometimes referred to as tuna blood meat, that people do not normally eat.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies the allegations in paragraph 9, except admits that Pets Global competes with Weruva, states that some of the two companies' products are comparable or similar (which they are), and that Weruva's and Pets Global's cat food products are sometimes located in close proximity in pet stores. In further response to paragraph 9, Pets Global avers that the two companies' range of seafood cat food products is quite different in that Pets Global uses only tuna while Weruva uses tuna red meat (a low grade tuna commonly used for pet foods) and other fish including tilapia, mackerel and sardine.

10. Denies the allegations in paragraph 10, except admits the allegations in the first sentence thereof.

11. Admits the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Denies the allegations in paragraph 15, except admits that (a) a small amount (approximately 6 containers) of Pets Global's Fussy Cat product was distributed into the United States with a label that stated, in small print, "Product of USA", (b) Pets Global's cat food products are manufactured in the same plant as Weruva's products, and (c) when questions were raised concerning that statement, Pets Global replied that it was (and is) a United States company and that the product itself was made in Thailand.

16. Denies the allegations in paragraph 16, except admits that Pets Global recently learned from the manufacturer that some of its cat food products contained peas, carrots, some vitamins and a few other harmless ingredients that the manufacturer sourced from China and, as a result of that information, Pets Global promptly removed any reference to not containing ingredients from China from its marketing materials and website. In further response to paragraph 16, Pets Global avers, upon information and belief, that Weruva's cat food products contain various ingredients sourced from China, including dicalcium phosphate, taurine, manganese sulfate, copper sulfate, carrot and green peas.

17. Denies the allegations in paragraph 17, except (a) admits the allegations in the fourth sentence thereof, (b) admits that Ms. Wolf is a proponent of Pets Global's cat food

products, and (c) denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence thereof.

18. Denies the allegations in paragraph 18 and, in further response, Pets Global avers that its Fussy Cat products have "PET FOOD ONLY" stamped prominently on the can.

19. Denies the allegations in paragraph 19, except avers that a Weruva representative likened Weruva's cat food products to Subway's tuna fish sandwich.

20. Denies the allegations in paragraph 20, except admits that (a) it uses bonito in its tuna cat food products, and (b) bonito cannot be labeled as tuna for food intended for human consumption in some countries. In further response to paragraph 20, Pets Global avers that each can of its cat food products is stamped with the legend "PET FOOD ONLY".

21. Denies the allegations in the first and fourth sentences of paragraph 21 except denies having knowledge or information sufficient to form a belief as to the truth of the second and third sentence thereof.

22. Denies the allegations in the first and third sentences of paragraph 22 except denies having knowledge or information sufficient to form a belief as to the truth of the second sentence thereof.

23. Denies the allegations in the first and fourth sentences of paragraph 23 except admits the allegations in the second and third sentence thereof.

24. Denies the allegations in the first, sixth and seventh sentences of paragraph 24, admits the allegations in the second and third sentences thereof, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences thereof. In further response to paragraph 24, Pets Global avers that "Menadione Sodium Bisulfate Complex" is an ingredient in many of Weruva's products, including "Outback

Grill", "Marbella Paella", "Asian Fusion", "Mack and Jack", "Polynesian BBQ", "Meow Luau", "Mediterranean Harvest", and "Mideast Feast", even though it is not an ingredient that people actually eat, as advertised by Weruva.

25. Denies the allegations in paragraph 25 except admits that its cans of cat food contain, and are clearly labeled to contain, a net weight of 80 grams (2.82 oz.).

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent that paragraph 26 contains allegations to which a response is required, Pets Global denies the allegations in that paragraph.

"Count I"

"Violation of the Lanham Act – 15 U.S.C. §1125"

27. In response to paragraph 27 of the Complaint, Pets Global incorporates as if set forth in full its responses to paragraph 1 through and including 26 thereof.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Admits only that its advertisements are an interstate commerce.

31. Denies the allegations in paragraph 31, except admits that fair competition by Pets Global may cause Weruva to sell less of its cat food products, which are priced significantly higher than Pets Global's cat food products.

32. Denies the allegations in paragraph 32.

"Count II"

"Unfair and Deceptive Trade Practices – M.G.L. c. 93A"

33. In response to paragraph 33 of the Complaint, Pets Global incorporates as if set forth in full herein its responses to paragraphs 1 through and including 32 thereof.

34. Denies the allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

"Count III"

"Tortious Interference with Business Relations"

36. In response to paragraph 36 of the Complaint, Pets Global incorporates as if set forth in full herein its responses to paragraphs 1 through and including 34 thereof.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails in various ways to state a claim upon which relief can be granted against Pets Global.

SECOND AFFIRMATIVE DEFENSE

Weruva is barred from seeking equitable relief by its own unclean hands and inequitable conduct.

THIRD AFFIRMATIVE DEFENSE

Weruva has waived, in whole or in part, one or more of its claims against Pets Global.

FOURTH AFFIRMATIVE DEFENSE

Weruva is estopped by its own conduct or that of others for whose conduct it is legally responsible from pursuing one or more of its claims against Pets Global.

FIFTH AFFIRMATIVE DEFENSE

One or more of Weruva's claims is barred by the doctrine of laches.

**WHEREFORE**, defendant Pets Global, Inc. respectfully demands that the Complaint be dismissed with prejudice, that the Court award to it its costs and expenses of action, including reasonable attorneys' and experts' fees and disbursements, and that the Court grant to it such further relief as is just.

PETS GLOBAL, INC.

By its attorneys,

June 15, 2012

/s/ Larry L. Varn

Larry L. Varn (BBO #508130)
lvarn@pierceatwood.com
Jeffrey E. Francis (BBO #639944)
jfrancis@pierceatwood.com
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
Telephone: (617) 488-8100
Facsimile: (617) 824-2020

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system. Service on counsel of record has been effectuated by electronic means.

*/s/ Larry L. Varn*



{W3120842.3}