**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

    **Weruva International Inc.**
                     **Plaintiff**

                                                  **CIVIL ACTION NO.  12-cv-10447-WGY**
    **V.**

    **Pets Global, Inc.**
                     **Defendant**

**PROCEDURAL ORDER**
**RE: FINAL PRETRIAL CONFERENCE/TRIAL**

    YOUNG   D. J.

The above-entitled action is scheduled for a final pretrial conference on  June 27, 2012  at  2:00 PM  in  Courtroom #18, 5th Floor  . Counsel shall be prepared to commence trial of this action on  July 2, 2012  . Each party shall be represented at the pretrial conference by <u>trial counsel</u>.

In order to secure the just, speedy and inexpensive determination of this action in accordance with the Civil Justice Reform Act of 1990 and Local Rule 16.5, the parties shall meet prior to this conference to accomplish the following:

    (1)    to discuss and negotiate settlement of the action;
    (2)    to draft and sign a stipulation as to all uncontested facts;
    (3)    to narrow the issues to be tried;
    (4)    to exhibit to all parties any and all photographs, documents, instruments and other objects any party intends to offer as exhibits at trial;
    (5)    to give notice to all parties of the names and addresses of witnesses a party intends to call at trial, including the names and qualifications of any expert witnesses.

Counsel shall prepare and file,  jointly , pretrial memoranda and/or trial documents which set forth the following:

    (1)    a concise summary of the evidence that will be offered by the plaintiff, defendant and other parties with respect to both liability and damages (including special damages, if any);
    (2)    a statement of facts established by the pleadings, by admissions or by stipulations.  Counsel shall stipulate all facts not in genuine dispute;
    (3)    contested issues of fact;
    (4)    any jurisdictional questions;
    (5)    any question raised by pending motions;
    (6)    issues of law, including evidentiary questions, together with supporting authority;
    (7)    any requested amendments to the pleadings;
    (8)    any additional matters to aid in the disposition of the action;
    (9)    the probable length of trial and whether jury or nonjury;

                                                                                        [proco.]

    (10)    a list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony, i.e., whether factual, medical, expert, etc.;

    (11)    a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in numerical order. Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters in the following form: A-Z,AA-AZ,BA-BZ,etc, regardless of which party is offering the exhibit.

This material shall be filed electronically with a courtesy copy to the deputy clerk, no later than the day of the scheduled final pretrial conference. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, electronically, with the clerk on or before the date of the final pretrial conference.     June 27, 2012     .

No later than Friday prior to the date of empanelment each party shall electronically file with a courtesy copy to the deputy clerk:

    (A)    In cases to be tried to a jury,:

        (1)    any proposed questions for the voir dire examination of the jury;
        (2)    requests for instructions to the jury with citation to supporting authority;
        (3)    any proposed interrogatories or special verdict form.
        (4)    A list of exhibits both agreed to and objected to

    (B)    In nonjury cases, a trial brief including:

        (1)    any proposed findings of fact and requested rulings of law.

If the trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date and supplement trial documents, as necessary. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the clerk.

The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state. If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court. If a restricted item is mentioned in court, you have waived any right to have it stricken or redacted thereafter.

Compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

By the Court,

| June 19, 2012 | /s/ Jennifer Gaudet |
|---|---|
| Date | Deputy Clerk |

Copies To:

(procofinal pretrial.wpd - 09/92)