UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> PETS GLOBAL, INC. d/b/a Fussie Cat and ) <br> Premium Fussie Cat, ) <br> ) <br> Defendant ) <br> ) | CASE NO.: 1:12-cv-10447 (WGY) |

**JOINT MOTION TO AMEND SCHEDULING ORDER DEADLINES,
CONTINUE PRETRIAL CONFERENCE, AND CONTINUE JURY TRIAL**

The Plaintiff, Weruva International, Inc. ("Weruva"), and the Defendant, Pets Global, Inc. ("Pets Global"), jointly submit this Motion to Amend the Scheduling Order Deadlines, Continue Pretrial Conference, and Continue Jury Trial (the "Motion"). This Motion asks the Court to adopt amended Scheduling Order deadlines, reschedule the July 25, 2012 pretrial conference to a date in October that is convenient for the Court, and reschedule the September 4, 2012 jury trial to November 5, 2012, or as soon thereafter as is convenient for the Court. The relief sought through this Motion is appropriate because:

(1) Although the parties' counsel have made substantial efforts to agree on an overall deposition schedule, they have been unable to reach agreement on the timing and location of all depositions that must take place before trial and agree that additional time is needed to complete depositions because the parties and witnesses are literally spread out all over the globe, from

{W3221316.1}

       the East Coast to California to Singapore, and have a variety of scheduling conflicts during the upcoming summer months.[1]

(2) Because the Protective Order adopted by the Court on July 11, 2012 would give Weruva's economic expert only a short time to review all of Pets Global's requested sales and financial information, formulate opinions about Weruva's damages based on that information, and prepare a comprehensive damages evaluation suitable for disclosure pursuant to Fed. R. Civ. 26(b)(4), Weruva needs a three-week extension of time to make its expert disclosures.  While Pets Global does not necessarily oppose an extension to the deadline for Weruva's expert disclosures, it cannot agree to a three-week extension of time given the present trial date.

(3) Both parties have agreed upon, and expressly seek, the relief sought through this Motion, such that no party will be prejudiced by the amendment of the Scheduling Order deadlines and continuance of the pretrial conference and trial date as requested herein.

(4) The parties do not expect that there will be the need for any further extensions to the Court's Scheduling Order deadlines, or an additional continuance of the pretrial conference and trial date, and, if this underlying Motion is granted, it will result in a more orderly discovery process, and thus, a streamlined trial of the issues presented by this action.

---

[1] As a result of the scheduling conflicts referenced above, Pets Global's counsel filed a Motion for a Protective Order and to Establish Schedule for California Depositions.  (Document 44.)  Upon the Court's approval of this Motion, Pets Global has agreed to withdraw that Motion as the parties have reached an accord to conduct the depositions in southern California during the week of August 13 – 17, 2012.

As further grounds for this Motion, the parties state the following:

1.  Weruva filed this lawsuit on March 9, 2012. On May 11, 2012, Weruva filed a Motion for a Preliminary Injunction. At a hearing on June 18, 2012, the Court consolidated Weruva's Motion with a trial on the merits, and set a July 2, 2012 trial date. After Weruva withdrew its motion for a preliminary injunction, the Court allowed Weruva's Motion to continue the jury trial from July 2, 2012, to September 4, 2012. On July 9, 2012, the Court adopted expedited Scheduling Order deadlines for the parties' completion of discovery and disclosure of experts.

2.  This case is still proceeding on an extremely accelerated track and all parties agree that a continuance of the pretrial conference and trial date is necessary given the locations and schedules of the parties and witnesses, the schedules and previous commitments of the parties' counsel, and the expedited Scheduling Order deadlines. Many of the individuals the parties intend to depose to prepare for trial are scattered in places all across the globe, including Florida, California and Singapore. These witnesses include:

    a. David Forman, Weruva's President and a Florida resident;

    b. Michael Directo, a Weruva sales manager and a California resident;

    c. Daniel Wangerin, a Weruva sales manager and a Georgia resident;

    d. Anthony Guidice, a Weruva sales manager and a New York resident;

    e. Ward Reynolds, a Weruva sales manager and a West Virginia resident;

    f. Daniel Hereford, Pets Global's President and a California resident;

    g. Raymond Lee, Pets Global's Chief Executive Officer and a British subject who lives in Singapore;

      h.  Henry Lam, Pets Global's Vice President and a Florida resident;

      i.  Joseph Hereford, a former Pets Global employee and a California resident; and

      j.  David Dzanis, a consultant to Pets Global and a California resident.

In addition, it is contemplated that Weruva may seek to depose other witnesses who reside in Rhode Island, Illinois, California, New York, Florida, and Thailand.

    3.  Although the parties attempted to reach agreement on a proposal whereby most of Weruva's employees could be deposed in Florida and Massachusetts, and most of Pets Global's employees could be deposed in Florida and California, they were unable to do so in light of the schedules and commitments of the parties, their employees, and their counsel.

    4.  On July 10, 2012, Weruva noticed the depositions of Pets Global, Daniel Hereford, Mr. Lee, Mr. Lam, Joseph Hereford, and Mr. Dzanis to take place during the week of July 30, 2012.  On July 11, 2012, Pets Global filed a Motion for a Protective Order and To Establish Schedule for California Depositions.  (Document 44.)  Based on the scheduling conflicts of Pets Global's employees and prior commitments of Pets Global's counsel, Pets Global's Motion asks the Court to reschedule these depositions, and any other depositions to take place in southern California, to the week of August 13, 2012, the same week that dispositive motions must be served and just two weeks before trial.

    5.  On July 10, 2012, Pets Global noticed the depositions of Mr. Reynolds (a West Virginia resident) and Mr. Wangerin (a Georgia resident) to take place in Massachusetts on July 31, 2012 and August 2, 2012, respectively.  Weruva has agreed to produce Mr. Reynolds and Mr. Wangerin for their depositions in Florida contiguous to other depositions; however, both

4

witnesses have prior commitments in other states on the dates that Pets Global tentatively has scheduled these depositions. Thus, absent the relief sought through this Motion, Weruva intends to file a motion with the Court regarding these depositions.[2]

6. In addition to the scheduling conflicts related to depositions, Weruva needs additional time to make its expert disclosures which, under the Court's present Scheduling Order, must be completed by July 27, 2012. Under the terms of the Protective Order endorsed by the Court on July 11, 2012, Weruva cannot disclose Pets Global's financial and sales information (which it has not received from Pets Global) until, at the earliest, five court days after giving written notice of the intended disclosure to Pets Global's counsel. Thus, Weruva believes that it will be virtually impossible for Weruva's economic expert to prepare a complete report of Weruva's damages by July 27, 2012. Weruva has also retained Keegan & Company LLC, a consultant to commission consumer and channel surveys related to allegedly false and misleading statements, and Weruva's consultant needs additional time to complete these surveys.

7. On July 11, 2012, the parties' counsel conferred about Pets Global's Motion for a Protective Order and Weruva's need for a three-week extension of time to make its expert disclosures. Pets Global is not necessarily opposed to an extension to the present expert disclosure deadlines, but the extension that Weruva believes that it needs would not give Pets Global enough time to make its expert disclosures prior to a September 2, 2012 trial date. The parties agree, however, that if the Court were to permit a continuance of the trial date, Weruva

---

[2] Upon the Court's approval of this Motion, any motion practice regarding these depositions will be unnecessary because Weruva has agreed to produce these witnesses for depositions in Florida following Labor Day (as counsel and the witnesses will be available at that time).

would agree to take the California depositions during the week of August 13, 2012, and Pets Global would not oppose an extension to Weruva's deadline to disclose its experts.

8.      In light of the foregoing, the parties hereby respectfully request that that the Court continue the trial date to October 15, 2012 and adopt the following amended Scheduling Order deadlines:

### A.     Non-Expert Discovery

All non-expert discovery, including written discovery and depositions, shall be completed by September 28, 2012.

### B.     Expert Discovery

Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 16.5(C), the following schedule will govern the disclosure of trial experts and related information:

(a) Weruva's expert disclosures shall be made and served by September 7, 2012;

(b) Pets Global's expert disclosures shall be made and served by October 8, 2012; and

(c) expert discovery and depositions shall be completed by October 26, 2012.

### C.     Motions

All dispositive motions shall be filed and served by October 5, 2012.

### D.     Pretrial Conference

The parties request that the Court schedule a pretrial conference to take place on a date that is convenient for the Court in October of 2012.

9.      The requested amendment to the Court's Scheduling Order deadlines and continuance of the pretrial conference and trial will give the parties time to efficiently complete discovery and make all expert disclosures that must take place in order to adequately prepare for

trial. In addition, the relief sought through this Motion will not have any detrimental impact on judicial economy – the case will still be operating on an expedited scheduling track – but will in fact improve the efficiency of the litigation of this matter.

10. In short, the relief sought through this Motion will avoid any motion practice related to depositions that have already been noticed, enable the parties to complete all discovery that is necessary to prepare for trial in a timely manner, give Weruva's experts the time they need to prepare complete reports suitable for timely disclosure to Pets Global's counsel, and still keep this case on track for an expedited resolution.

WHEREFORE, the parties respectfully request that the Court allow this Motion and:

(1) Adopt the amended Scheduling Order deadlines proposed herein;

(2) Continue the pretrial conference to a date that is convenient for the Court in October of 2012;

(3) Continue the trial date to November 5, 2012; and

(4) Award the parties any such other and further relief that the Court deems just and proper.

Dated: July 12, 2012                    WERUVA INTERNATIONAL, INC.
                                        By its attorney,

                                        */s/ Charles F. Rodman*
                                        Charles F. Rodman, BBO# 641216
                                        rodman@rodmanlawgroup.com
                                        Matthew J. Wayne, BBO# 674923
                                        wayne@rodmanlawgroup.com
                                        Rodman Law Group LLC
                                        36 Washington Street, Suite 190
                                        Wellesley Hills, MA 02481
                                        (781) 237-5500 Telephone
                                        (781) 237-5550 Facsimile

        PETS GLOBAL, INC.
        By its attorneys,

        */s/ Larry L. Varn*
        Larry L. Varn (BBO# 508130)
        Lvarn@pierceatwood.com
        Jeffrey E. Francis (BBO# 639944)
        jfrancis@pierceatwood.com
        Pierce Atwood LLP
        100 Summer Street, Suite 2250
        Boston, MA 02110
        (617) 488-8136  Telephone
        (617) 824-2020  Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing Joint Motion to Amend Scheduling Order Deadlines, Continue Pretrial Conference, and Continue Jury Trial was served upon the attorney of record for all parties via the Court's electronic filing system on July 12, 2012.

        */s/ Matthew J. Wayne*
        Matthew J. Wayne