UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WERUVA INTERNATIONAL, INC., | ) ) ) | CASE NO.: 1:12-cv-10447 (WGY) |
| Plaintiff | ) ) |  |
| v. | ) ) |  |
| PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat, | ) ) ) |  |
| Defendant | ) ) ) |  |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT'S DISCLOSURE OF FINANCIAL AND SALES INFORMATION AND TO EXTEND THE DEADLINE FOR DISCLOSURE OF PLAINTIFF'S FINANCIAL EXPERT**

In accordance with Fed. R. Civ. P. 37(a), the Plaintiff, Weruva International, Inc. ("Weruva"), respectfully moves, on an emergency basis,[1] that the Court: (i) compel the disclosure of highly relevant information related to the domestic sales of Pets Global, Inc.'s ("PGI") cat food products that have taken place from January 1, 2010 through the present; (ii) briefly extend the deadline for Weruva to disclose the written report of its financial expert to take place within five (5) business days following PGI's disclosure of information related its domestic sales of cat food products; and (iii) award Weruva the reasonable attorneys' fees and costs that it incurred in relation to the underlying motion practice, which is only necessary as a result of PGI's refusal to engage in basic written discovery.

Weruva's Motion should be **ALLOWED** on the following grounds:

---

[1] Weruva's Motion seeks the disclosure of highly relevant information related to the domestic sales of Pets Global, Inc.'s cat food products that have taken place from January 1, 2010 through the present. Weruva's designated financial expert requires the disclosure of this information to develop a complete written report regarding the extent of Weruva's economic damages. Because the written report of Weruva's financial expert is required to be disclosed on or before July 31, 2012, the Court's prompt attention to Weruva's Motion is requested.

(1)     Weruva, a manufacturer of "human style" pet food, filed this lawsuit against Pets Global, Inc. ("PGI"), a direct competitor of Weruva, because PGI engaged in an unlawful and misleading marketing scheme whereby it made literally false statements on its product's labels and in its marketing materials in an effort to improperly gain a competitive advantage in the domestic pet food marketplace.

(2)     In addition to injunctive relief, Weruva seeks to recover damages for: (i) lost profits Weruva would have received were it not for PGI's unlawful and misleading marketing campaign; and (ii) profits earned by PGI as a result of its unlawful and misleading marketing campaign.

(3)     PGI has flatly refused to disclose highly relevant information concerning its domestic sales of cat food products to Weruva's counsel.  Because Weruva's claim for damages is <u>inexorably</u> linked to this information – and because Weruva's financial expert needs this information to prepare a complete computation and analysis of Weruva's damages – the Court should compel the disclosure of this data.

(4)      Moreover, in light of the fact that Weruva is under an obligation to disclose its financial expert's written report on or before July 31, 2012, the Court should briefly extend the deadline for Weruva to disclose the written report of its financial expert to take place within five (5) business days following PGI's disclosure of information related to PGI's domestic sales of cat food products.

Weruva has submitted a memorandum of law and affidavit of its counsel in support of this Motion.

WHEREFORE, Weruva respectfully requests that the Court **ALLOW** its Motion and:

(1) Order PGI to produce all documents that are responsive to Documents Request Nos. 50, 51, 52, 53, and 54 within three (3) business days of any such order;

(2) Briefly extend the deadline for Weruva's disclosure of Mr. Jenkins's written report to take place within five (5) business days following PGI's disclosure of its financial and sales information;

(3) Award Weruva the reasonable attorneys' fees and costs that it incurred in relation to the underlying motion practice; and

(4) Award any such further or other relief that the Court deems just and proper.

Dated: July 30, 2012

Respectfully submitted,
WERUVA INTERNATIONAL, INC.
By its attorney,

*/s/ Matthew J. Wayne*
Charles F. Rodman, BBO# 641216
rodman@rodmanlawgroup.com
Matthew J. Wayne, BBO# 674923
wayne@rodmanlawgroup.com
Rodman Law Group LLC
36 Washington Street, Suite 190
Wellesley Hills, MA 02481
(781) 237-5500 [P]
(781) 237-5550 [F]

**CERTIFICATE PURSUANT TO LOCAL RULE 37.1 AND 7.1**

I hereby certify that attempts to confer with PGI's counsel concerning the grounds for Weruva's Motion have been made, and have been unsuccessful. (Affidavit of Matthew J. Wayne in Support of Plaintiff's Emergency Motion to Compel Defendant's Disclosure of Financial and Sales Information and to Extend Deadline for Disclosure of Plaintiff's Financial Expert.)

*/s/ Matthew J. Wayne*
Matthew J. Wayne

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion and all supporting documents were served upon the attorney of record for all parties via the Court's electronic filing system on July 30, 2012.

*/s/ Matthew J. Wayne*
Matthew J. Wayne