UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC., | ) |
| | ) CASE NO.: 1:12-cv-10447 (WGY) |
| Plaintiff | ) |
| v. | ) |
| | ) |
| PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat, | ) |
| | ) |
| Defendant | ) |

**MOTION TO QUASH OR MODIFY SUBPOENAS TO LEVINE, CAUFIELD, MARTIN & GOLDBERG P.C. AND KATZ, NANNIS & SOLOMON, P.C.**

In accordance with Fed. R. Civ. P. 45(c)(3), the Plaintiff, Weruva International, Inc. ("Weruva"), who is joined in this Motion by non-parties Forman Industries, Inc. ("Forman Industries") and Jana Brands, Inc. ("Jana Brands"), respectfully moves that the Court quash, or at the very least modify, subpoenas that the Defendant, Pets Global, Inc. ("PGI"), has issued to Levine, Caufield, Martin & Goldberg, P.C. ("LCMG") and Katz, Nannis & Solomon, P.C. ("KNS"), two non-parties that have provided accounting services to Weruva. These subpoenas should be quashed, or at the very least modified, because they are overbroad, unlimited in temporal scope, and seek the production of highly confidential information regarding the business operations and corporate structures of Weruva, Forman Industries, and Jana Brands – information that is grossly disconnected from any of the claims or defenses that have been asserted in this lawsuit.

There is good cause for the relief sought through this Motion, and it should be **ALLOWED** for the following reasons:

(1)     At PGI's request, Weruva has voluntarily disclosed (with an appropriate confidentiality designation) hundreds of pages of sensitive financial and sales records as part of this litigation.  Indeed, the disparity between the private business and sales information that Weruva has disclosed to PGI's counsel, and PGI's reciprocal disclosure of its own information, is staggering.  Whereas Weruva has provided PGI's counsel with nearly three-hundred pages of highly confidential sales and financial records that identify every single ounce of cat food that Weruva has sold from January 1, 2006 through May 31, 2012 – and every single penny that Weruva has earned from these sales – PGI has, to date, turned over nothing more than a few summaries (in the form of two tax returns, two financial statements, and a profit and loss statement for the period of time extending from October of 2011 through June of 2012) of what it states its overall profits have been since it claims to have entered the United States pet food market in 2010.

(2)     Despite Weruva's overwhelming production of highly confidential information regarding its recent financial condition and the sales of its cat food products, PGI has issued subpoenas to LCMG and KNS that are exceedingly overbroad and unlimited in temporal scope.  Moreover, these subpoenas not only seek to discover Weruva's highly confidential business and financial information, they also seek to discover the same type of information from Forman Industries and Jana Brands, two non-parties that have no interest or stake in this litigation.  Much of the information sought through the subpoenas has absolutely no bearing, relevance, or nexus to the claims and defenses that are part of this lawsuit.

(3)     The subpoenas seek to discover every single communication that has taken place between LCMG or KNS, on the one hand, and Jana Brands or Forman Industries, on the other,

regarding Weruva.[1]  The scope of this request extends to highly confidential communications regarding the organization and corporate structure of all three business entities – information that has absolutely no logical relationship to any issue that is at stake in this lawsuit.[2]

(4)   The subpoenas also seek to discover all facts concerning any "business relationship," "financial relationship," or "other relationship" between or among Weruva, Jana Brands, and Forman Industries.  The scope of this request is, again, extremely overbroad and extends to information that is highly confidential and not related in any way, shape, or form to the claims that Weruva has advanced against PGI, or any of PGI's defenses against the same.

(5)   Finally, the subpoenas seek to discover information concerning Weruva's "financial condition or financial results of operation," the sales of its cat food products, and the gross and net profits resulting from those sales.  This information is sought for a period of time that is undefined, and therefore unlimited in duration.  Weruva has already given PGI ample information regarding its cat food sales – information that dates all the way back to 2006, four years before PGI claims to have even entered the United States pet food market – and has disclosed its profits for the past three (3) fiscal years.  Therefore, Weruva seeks to protect the legitimate privacy interest it has in any further disclosure of highly confidential financial information that is not relevant to any of the claims or defenses that have been advanced in this lawsuit.

---

[1] Although the President of Weruva shares a familial relationship with the President of Forman Industries and Jana

[2] PGI's counsel sent an e-mail to Weruva's counsel and implied that this information is needed because PGI has "already telegraphed the likelihood of a multi-count counterclaim and third-party claim" – presumably involving Jana Brands and Forman Industries, or perhaps both.  To the extent that PGI has noticed non-party depositions to conduct discovery as to contemplated claims that are not contained in any of the pleadings as they are presently crafted (and indeed, may never even be brought to fruition), it is respectfully suggested that the Federal Rules of Civil Procedure do not authorize this discovery method.

(6)     Weruva's counsel has made attempts to confer with PGI's counsel regarding the scope and breadth of the non-party subpoenas.  Unfortunately, PGI's counsel has flatly refused to entertain any cooperative discussion regarding a narrowing of the exceedingly broad topics identified in the subpoenas issued to LCMG and KNS and has not even articulated how the information sought through the subpoenas is material to any of the parties' claims or defenses.  Therefore, Weruva, who is joined in this Motion by Forman Industries and Jana Brands, seeks the Court's assistance in preventing the unauthorized disclosure of highly confidential business and financial information that is in the possession of non-parties.

(7)     Through this Motion, it is respectfully requested that the Court quash the subpoenas to LCMG and KNS or, at the very least, modify them by:

  a. Eliminating subject areas two and three, but only to the extent these subject areas seek communications concerning Weruva;
  b. Eliminating subject area four; and
  c. Narrowing the temporal scope of subject areas five and six to any point in time from January 1, 2008, up through the present.

In support of this Motion, Weruva has submitted an affidavit of its counsel and further states the following:

### I.     BACKGROUND

Weruva, a manufacturer of "human style" pet food, filed this lawsuit against PGI, a direct competitor of Weruva, because PGI engaged in an unlawful and misleading marketing scheme whereby it made literally false statements on its product's labels and in its marketing materials in an effort to improperly gain a competitive advantage in the domestic pet food marketplace.  As

part of the discovery efforts the parties have undertaken, there have been mutual requests for the disclosure of the parties' confidential business, sales, and financial information. Weruva has undoubtedly met, and even exceeded, what its own obligations are as it relates to the cooperative exchange of information through the discovery process.

While this Court's Protective Order prohibits Weruva from disclosing any confidential information in support of this Motion, Weruva has voluntarily disclosed (with an appropriate confidentiality designation) hundreds of pages of its own confidential financial and sales records.[3]  Notwithstanding the fact that PGI claims to have only entered the United States pet food marketplace in 2010, Weruva has provided PGI's counsel with nearly three-hundred pages of highly confidential sales and financial records that identify every single ounce of cat food that Weruva has sold from January 1, 2006 through May 31, 2012. These revealing documents offer a product unit and dollar sales item breakdown for each and every line of Weruva's cat food sales for 2006, 2007, 2008, 2009, 2010, 2011, all the way up through May of 2012. Weruva has also disclosed its year-end financial statements for 2008, 2009, 2010, and 2011. These documents reflect the full extent of the profits that Weruva has earned from its cat food product sales.

Notwithstanding Weruva's voluntary disclosure of its confidential financial and sales information, PGI has directed a subpoena to LCMG and KNS, non-party accounting firms that possess highly confidential information regarding the corporate structure and business operations of Weruva, Forman Industries, and Jana Brands. The subpoenas include the following subject areas for examination:

---

[3] These documents have been Bates-labeled for identification as WI 01109 – WI 01390.

**Subject Area Two:**

Any and all communications between Jana Brands, Inc. on the one hand, and LCM&G [or KN&S] on the other, Concerning . . . Weruva . . .

**Subject Area Three:**

Any and all communications between Forman Industries, Inc. on the one hand, and LCM&G [or KN&S] on the other, Concerning . . . Weruva . . .

**Subject Area Four:**

All facts Concerning any business, financial or other relationship(s) between or among Forman Industries, Inc., Jana Brands, Inc. and Weruva.

**Subject Area Five:**

The financial condition or financial results of operation at any time of Weruva.

**Subject Area Six:**

Sales by Weruva of moist cat food products and gross and net profits resulting therefrom.

(Affidavit of Matthew J. Wayne in Support of Motion to Quash or Modify Subpoenas to Levine, Caufield, Martin & Goldberg, P.C. and Katz, Nannis & Solomon, P.C. ("Wayne Aff."), Exs. A and B.)  The subpoenas also direct the non-parties to disclose all documents that contain information that relate to the subject areas identified therein.  (Id.)

Given the broad scope of the subject areas identified in the subpoena, and the highly confidential nature of the information sought, Weruva's counsel sent an e-mail to PGI's counsel and expressed Weruva's objections to the scope of the subpoena.  (Id., Ex. C.)  Specifically, Weruva's counsel indicated that Weruva sought a narrowing of the factual scope of subject areas

two and three, a withdrawal of subject area four, and a narrowing of the temporal scope of subject areas five and six.  (Id.)  Weruva's counsel requested PGI's counsel's availability for a phone call to discuss the breadth and scope of the subpoena.  (Id.)  In response, PGI's counsel sent Weruva's counsel an e-mail and indicated that he would not confer with Weruva's counsel regarding the scope of the subpoena.  (Id., Ex. D)  Similarly, attempts from counsel for non-parties to resolve objections to the scope of the information sought through the subpoenas have been met with the threat of being held in contempt of Court.  (Id., Ex. E)  Thus, Weruva, who is joined in this Motion by Forman Industries and Jana Brands, seeks the Court's assistance in resolving the parties' dispute regarding the scope of the subpoenas issued to LCMG and KNS.

## II.  LEGAL STANDARD

On timely motion, and under certain well-defined circumstances, Fed. R. Civ. P. 45 permits a court to quash or modify a subpoena issued to a non-party.  See Fed. R. Civ. P. 45(c)(3).  While Fed. R. Civ. P. 45 requires a court to quash a subpoena under certain circumstances (none of which appear to apply here, or at the very least, which have yet to be raised by LCMG's counsel), a fundamental aspect of a court's authority involves quashing or modifying a subpoena that mandates the disclosure of confidential commercial information.  See Fed. R. Civ. P. 45(c)(3)(B)(i).  As a matter of long-standing jurisprudence, absent a showing that information sought through the service of a subpoena to a non-party is privileged, courts have been reluctant to confer standing upon a party to challenge the subpoena.  See Liberty Media Holdings v. Swarm Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7 B5BC9C05, 2011 U.S. Dist. LEXIS 125512, * 13 (D. Mass. 2011) (citing United States Bank Nat'l Ass'n v.

James, 264 F.R.D. 17, 18-19 (D. Me. 2010)).[4]

The general principle that a party may not challenge a subpoena issued to a non-party gives way, of course, to a party's personal interest, right, or privilege in the information sought from the non-party. See e.g., Albany Molecular Research, Inc. v. Schloemer, 274 F.R.D. 22, 25 (D.D.C. 2011) ("[A] party to the underlying action may move to quash the subpoena where the subpoena directly implicates the party's privilege or rights."); Jacobs v. Connecticut Cmty. Technical Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (determining that plaintiff had standing to challenge a subpoena issued to a non-party because he had a personal privacy right and privilege with respect to the information sought); Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (holding that standing to challenge a subpoena to a non-party exists if the party alleges a personal right or privilege with respect to the subpoenas); Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003) (finding that defendant had a personal right with respect to its bank account records, such that it had standing to move to quash subpoenas issued to non-party financial institutions); Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (holding that defendants have standing to object to subpoenas issued to non-party financial institutions because the defendants had personal privacy rights in the records sought through the subpoenas). Thus, because a party has standing to challenge a subpoena issued to a non-party that seeks the disclosure of a party's own

---

[4] This general principle appears to have formed the basis for PGI's counsel's decision not to engage in any cooperative dialogue with Weruva's counsel concerning the scope of the non-party subpoena. This is ironic, however, as a motion to compel was necessary to force PGI to turn over basic financial and sales data related to Weruva's claims yet, at the same time, PGI demands that third parties should, without pause, disclose everything under the sun related to Weruva's business operations, or face the prospect of being held in contempt of Court. (Wayne Aff., Exs. D and E.)

confidential information, this Court has the discretion to appropriately quash or modify a subpoena that seeks the disclosure of a party's confidential commercial information.

## III. ARGUMENT

### A. The Court should quash, or at the very least modify, the subpoenas issued to LCMG and KNS because they are overbroad and seek the disclosure of highly confidential business and sales information that bears no rational relationship to the claims and defenses that are part of this lawsuit.

In the present case, there clearly exists good cause for the Court to quash, or at the very least modify, the subpoenas issued to LCMG and KNS. As part of this litigation, Weruva has made an expansively thorough production of confidential information regarding its own sales and finances. It has agreed to do so, and indeed has done so, because it agrees that PGI's counsel is entitled to review such information under the lenient standard governing discovery, and the Court's endorsement of a Protective Order that appropriately limits any further dissemination of this highly sensitive information. On the other hand, the subpoenas issued to LCMG and KNS are exceedingly overbroad, unlimited in its temporal scope, and seek to discover highly confidential business and financial information that has absolutely no bearing, relevance, or nexus to the claims and defenses that are part of this lawsuit.

For example, subject areas two and three not only seek to discover communications non-parties have had with Jana Brands or Forman Industries related to PGI, Fussie Cat, or Premium Fussie Cat, but it also seeks to discover every single communication concerning Weruva. Given PGI's failure to include any limitation to the scope of this request – whether from a temporal or subject matter standpoint – this request extends to highly confidential and sensitive communications regarding the organization and corporate structure of <u>all three</u> business entities, information that has absolutely no logical relationship to any issue that is at stake in this lawsuit.

This confidential commercial information should not be subject to disclosure as part of this litigation.

Subject area four of the subpoena is even more expansive. It seeks to discover all facts concerning any "business relationship," "financial relationship," or "other relationship" between or among Weruva, Jana Brands, and Forman Industries. While LCMG may understandably strain to even begin its effort of deciphering what information may be responsive to this request given the lack of clarity or definition associated with the terms used in the request, the scope of the request is fundamentally overbroad and extends to information concerning the business structure of all three entities. This confidential commercial information bears no relationship to any of the claims or defenses at issue in this lawsuit should not be subject to disclosure as part of this litigation.

Finally, subject areas five and six of the subpoena contain no temporal restrictions, but instead seek to discover all information concerning Weruva's "financial condition or financial results of operation," the sales of its cat food products, and the gross and net profits resulting from those sales. As set forth above, Weruva has already given PGI hundreds of pages of information that contains detailed information regarding its cat food sales from 2006 to May of 2012. Weruva has likewise disclosed its profits for the past three (3) fiscal years. Therefore, there is simply no basis for PGI to pry even further into Weruva's business operations and discover private financial information that is not relevant to any of the claims or defenses that have been advanced in this lawsuit.

WHEREFORE, Weruva, who is joined in this Motion by Forman Industries and Jana Brands, respectfully requests that the Court **ALLOW** its Motion and:

(1)   Quash the subpoenas issued to LCMG and KNS;

(2)   In the alternative, modify the subpoenas issued to LCMG and KNS by:

  i. Eliminating subject areas two and three, but only to the extent these subject areas seek communications concerning Weruva;

  ii. Eliminating subject area four; and

  iii. Narrowing the temporal scope of subject areas five and six to any point in time from January 1, 2008, up through the present.

(3)   Award any such further or other relief that the Court deems just and proper.

Dated: August 1, 2012

Respectfully submitted,
WERUVA INTERNATIONAL, INC.
By its attorney,

*/s/ Matthew J. Wayne*
Charles F. Rodman, BBO# 641216
rodman@rodmanlawgroup.com
Matthew J. Wayne, BBO# 674923
wayne@rodmanlawgroup.com
Rodman Law Group LLC
36 Washington Street, Suite 190
Wellesley Hills, MA 02481
(781) 237-5500 [P]
(781) 237-5550 [F]

FORMAN INDUSTRIES, INC. and
JANA BRANDS, INC.
By their attorney,

*/s/ Daniel R. Deutsch*
Daniel R. Deutsch, BBO# 551744
DDeutsch@dwboston.com
Deutsch Williams
One Design Center Place, Suite 600
Boston, MA  02210
(617) 951-2300 [P]
(617) 951-2323 [F]

## CERTIFICATE PURSUANT TO LOCAL RULE 37.1 AND 7.1

I hereby certify that attempts to confer with PGI's counsel concerning the grounds for this Motion have been made, and that they have been unsuccessful. (Wayne Aff.)

/s/ Matthew J. Wayne
Matthew J. Wayne

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion and all supporting documents were served upon the attorney of record for all parties via the Court's electronic filing system on August 1, 2012.

/s/ Matthew J. Wayne
Matthew J. Wayne