UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat, | ) <br> ) <br> ) Civil Action No. 1:12-CV-10447-WGY |
| Defendant/ <br> Third Party Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| JANA WORLDWIDE, INC., and FORMAN INDUSTRIES | ) <br> ) <br> ) |
| Third Party Defendants. | ) <br> ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Defendant Pets Global, Inc. ("Pets Global") seeks leave to amend its Answer to add a counterclaim against Weruva and a third party complaint against Jana Worldwide ("Jana") and Forman Industries (collectively "Counterclaim Defendants") for: (1) attempted monopolization; (2) conspiracy to restrain trade; (3) intentional interference with Pets Global's advantageous business relationships; (4) defamation; and (5) unfair or deceptive acts and practices in violation of Mass. Gen. Laws c. 93A and the California Business and Professional Code.  The proposed Amended Answer, Counterclaim and Third Party Complaint is attached to the motion for leave as Exhibit A.

This case arises between direct competitors in the "ultra-niche" human-style cat food industry. Weruva, which holds a dominant market share in the industry, brought suit against Pets Global, a new addition to the industry and threat to Weruva's market position and pricing power, in March 2012. Weruva's Complaint alleges that Pets Global engaged in false advertising in the sale of its Fussie Cat brand in the United States and seeks a permanent injunction, including a mandatory recall, and damages. Pets Global filed its Answer on June 15, 2012 (Document No. 21) asserting a variety of affirmative defenses but no counterclaim or third party complaint, having not yet discovered a reasonable basis for such.

The parties commenced discovery in early July. On or around July 18, 2012, Pets Global received a substantial document production from Weruva and Jana.[1] The content of those documents reflect a brazen scheme on the part of the Counterclaim Defendants to harm Pets Global's business merely because its products are priced lower than Weruva's products. For example:

- Forman Industries and Jana CEO Steve Forman urged Weruva's and Pets Global's common manufacturer SeaPac to stop doing business with Pets Global because it "cuts our prices and impedes out [*sic*] progress."

- Weruva CEO David Forman similarly attempted to manipulate SeaPac to stop doing business with Pets Global, writing: "I think your willingness to supply Fussie Cat with more product in the US is wrong," ostensibly because "[y]ou [SeaPac] does not need dishonest customers, and we do not need dishonest competitors." David Forman was "concerned, and my father is concerned, about your willingness to put this company [Pets Global] back in business when it more appropriately seems they should not be in business."

- Likewise, David Forman wrote to SeaPac, "[w]e also know that Fussie Cat is selling at extremely low prices. They are free to price as they want, but it undeniably means taking business from its closest competitors. . . Weruva and Tiki Cat." David Forman concluded that: "[T]his company could put us out of business, and we must plan accordingly to

---

[1] As explained in Pets Global's counterclaim, Jana Worldwide is a subsidiary of Forman Industries, a Massachusetts holding company owned by Steve Forman. Steve Forman is the father of Weruva CEO David Forman. Thus, Weruva, Jana Worldwide and Forman Industries are closely related and have aligned business interests and in the outcome of this litigation.

{W3263556.1}

2

protect ourselves." David Forman's objective was to "eliminate the need for additional Asian brands, even the honest ones, but especially the dishonest ones."

After reviewing these documents, Pets Global immediately put Weruva on notice of its intent to consider whether to file a counterclaim and third party complaint.[2] Accordingly, this motion, filed a mere three weeks after receiving the documentary evidence, should come as no surprise to Weruva, Jana or Forman Industries.

## ARGUMENT

Having received material and highly inculpatory evidence during written discovery a mere three weeks ago, Pets Global seeks to amend its answer to assert a counterclaim against Weruva and a third party claim against related entities, Jana and Forman Industries. The Court should grant Pets Global's motion in the interest of justice and judicial economy it will avoid the need for a separate action in this or another federal court.

A defendant's motion to seek leave to amend its answer "to add an omitted counterclaim is governed exclusively by [Federal Rule of Civil Procedure] 15." 6 Miller & Kane, Federal Practice & Procedure § 1430 (3d ed.) ("Federal Practice & Procedure"). Upon a motion to amend pleadings prior to trial, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend under Rule 15(a) is evaluated by the Court based on the stage and timing of the litigation. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). Motions to seek leave to amend pleadings should be granted in the absence of "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009).

---

[2] In the parties' July 23, 2012 Joint Pretrial Memorandum (Docket No. 47), page 24, Pets Global provided unambiguous notice that it was contemplating whether to seek leave to add a counterclaim against Weruva.

{W3263556.1}

**I.      Pets Global Has Not Delayed Or Acted in Bad Faith.**

Pets Global seeks to amend its answer without undue delay or bad faith. The parties only recently initiated discovery. On or around July 18, 2012, Pets Global received documents from Counterclaim Defendants containing evidence of the communications that give rise to Pets Global's counterclaim and third party complaint. Because the documents Weruva produced are blatantly actionable, Pets Global immediately began analyzing the legal sufficiency of a potential counterclaim and even put Weruva on notice that it was considering such action in the parties' Joint Pretrial Memorandum (Document No. 47). Pets Global diligently researched the legal sufficiency of its proposed counterclaim and, with reasonable dispatch, prepared an amended answer and this motion. Pets Global acted without delay and in good faith.

**II.     Counterclaim Defendants Will Not Be Unduly Prejudiced By Pets Global's Amended Answer.**

The Counterclaim Defendants will not be unduly prejudiced by Pets Global's amended answer. If the Court grants Pets Global's motion, all parties would effectively be in the same position – conducting abbreviated discovery in anticipation of an early September trial. Pets Global's amended answer will not necessitate much additional discovery beyond what is already scheduled. The factual underpinning of Pets Global's amended answer is based solely on communications by David Forman and Steve Forman and, presumably, necessitates the deposition of both Formans and perhaps some additional written discovery, which is on-going through August in any case.[3]

Similarly, the Counterclaim Defendants' interests are aligned. The companies appear to be intimately associated and are owned and operated by the same family. Forman Industries,

---

[3] The deposition of David Forman is being conducted on August 8, 2012, and he is likely available for an additional deposition if needed before trial. The parties will also need to depose Steve Forman, which is currently scheduled for August 29, 2012.

{W3263556.1}

which portrays itself as a holding company for Weruva and Jana, is a major stakeholder in this litigation, regardless of its status as a party. It does not prejudice Jana and Forman Industries to add them as parties, as their interests are already aligned with Weruva's interests. This is particularly so when the CEO of Jana and Forman Industries, Steve Forman, has acted so blatantly in Weruva's interests to harm Pets Global.

Finally, courts readily grant motions seeking leave to amend, even on the eve of, or during, trial. Federal Practice & Procedure § 1488. "The policy of allowing amendments to be made at any time during the litigation is sound. It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." *Id.* If the Court denies this motion, through no fault of its own, Pets Global will be forced to file an additional lawsuit to assert the claims found in its amended answer, an inefficient result that will expend more of the Court's and parties' valuable resources.

### III. Pets Global's Amendment Would Not be Futile.

The Court may deny Pets Global's motion for leave if Pets Global's counterclaim and third party complaint would fail to state a claim on which relief could be granted under Fed. R. Civ. P. 12(b)(6). *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 294 (D. Mass. 2005). The facts pleaded in Pets Global's counterclaim and third party complaint are considered true. *Id.* If leave to amend is sought before discovery is complete and prior to a motion for summary judgment, "amendment is not deemed futile as long as the proposed amended [pleading] sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001).

Here, Pets Global, in addition to pleading the required legal elements for relief, has set forth a general scenario – in fact, a compelling scenario – that would entitle it to relief against the Counterclaim Defendants on several cognizable theories. In any case, the interests of efficiency and judicial economy would seemingly dictate resolution of this dispute in one action, with all interested parties involved.

## CONCLUSION

For the reasons set forth above, the Court should grant Pets Global leave to amend its answer to add a counterclaim against Weruva and add Jana and Forman Industries as parties and to assert a third party claim against them. In the alternative, the Court should at least grant Pets Global leave to amend its answer only to add a counterclaim against Weruva, although this will likely lead to an inefficient result because Pets Global will have to file a separate complaint against Jana and Forman Industries.

Dated: August 8, 2012

    Respectfully submitted,

    PETS GLOBAL, INC.

    By its attorneys,

    /s/ Larry L. Varn
    Larry L. Varn (BBO #508130)
    *lvarn@pierceatwood.com*
    Jeffrey E. Francis (BBO #639944)
    *jfrancis@pierceatwood.com*
    PIERCE ATWOOD LLP
    100 Summer Street, Suite 2250
    Boston, MA  02110
    Telephone: (617) 488-8100
    Facsimile:  (617) 824-2020

## CERTIFICATE OF SERVICE

   I hereby certify that on the 8th day of August, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system.  Service on counsel of record has been effectuated by electronic means.

                   */s/ Larry L. Varn*