UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
WERUVA INTERNATIONAL, INC.,   )
                              )
          Plaintiff,         )
                              )
          v.                 )
                              )  Civil Action No. 1:12-CV-10447-WGY
PETS GLOBAL, INC. d/b/a Fussie )
Cat and Premium Fussie Cat,   )
                              )
          Defendant.         )
_____)

**DEFENDANT'S MOTION TO TERMINATE
THE DEPOSITION OF JOHN HEREFORD**

Defendant Pets Global, Inc. d/b/a Fussie Cat and Premium Fussie Cat ("Pets Global"), by its attorneys, Pierce Atwood LLP, hereby moves, pursuant to Fed. R. Civ. P. 30(d)(3), to terminate Plaintiff Weruva International, Inc.'s ("Weruva") deposition of John Hereford. More specifically:

1.    Under Fed. R. Civ. P. 30(d)(3), "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." The moving party may demand that the deposition be suspended until the applicable Court makes a ruling on the motion to terminate. *Id.*

2.    John Joseph Hereford is the brother of Pets Global's President, Daniel Hereford. John Hereford was a sales person for Pets Global for ten months beginning in the middle of 2010. In that capacity, he operated solely in California.

{W3276712.1}

3.	Weruva noticed the deposition of John Hereford and commenced his deposition on August 15, 2012 in California.  During that deposition, Weruva's counsel, without any warning or prior notice, displayed a video on his computer, originating from the website YouTube, depicting John Hereford at a pet store talking about Pets Global's products.  This was the first time Pets Global's counsel had seen, or learned of the existence of, the video.

4.	Pets Global's counsel immediately inquired whether Weruva had previously produced the video during discovery.  Weruva's counsel stated that Weruva had not produced the video.  When asked why the video was not produced, Weruva's counsel stated that he had just found it.

5.	Pets Global's counsel then asked for the URL website address, a request that Weruva's counsel refused.

6.	Pets Global's counsel requested a copy of the video file for the video to load onto Pets Global's counsel computer and Weruva's counsel refused to provide a copy of the video file for Pets Global's counsel to examine as to its date and origin, including when Weruva's counsel first created the video file.

7.	Weruva's counsel expressed his intent to display another video depicting John Hereford, which had also not been provided to Pets Global's counsel. Weruva's counsel also refused to provide a copy of this video file to counsel for Pets Global.  At this point, Pets Global's counsel suspended the deposition to file this motion.

8.	Weruva had a duty to produce the videos it planned to play at John Hereford's deposition, but refused to do so.  If Weruva did indeed only recently learn of the existence of the videos – which is highly unlikely – counsel for Weruva should have at least provided notice to

Pets Global that it was planning to display the videos and provided Pets Global with a means to view them before the deposition or to examine the video files as to their date and origin.

9. It is clear that Weruva intended its use of the videos to come as a complete surprise to John Hereford and Pets Global's counsel.

10. Weruva's tactics in this regard were conducted in bad faith and in a manner designed to, and which actually, unreasonably annoyed, embarrassed, and oppressed the deponent and Pets Global.

For all of these reasons and for the additional reasons set forth in Pets Global's Memorandum of Law submitted with this Motion, the Court should grant Pets Global's Motion to Terminate the Deposition of John Hereford.

Dated: August 16, 2012

        Respectfully submitted,

        PETS GLOBAL, INC.

        By its attorneys,

        /s/ Larry L. Varn
        Larry L. Varn (BBO #508130)
        *lvarn@pierceatwood.com*
        Jeffrey E. Francis (BBO #639944)
        *jfrancis@pierceatwood.com*
        Kyle N. Kirby (BBO #679895)
        *kkirby@pierceatwood.com*
        PIERCE ATWOOD LLP
        100 Summer Street, Suite 2250
        Boston, MA  02110
        Telephone: (617) 488-8100
        Facsimile:  (617) 824-2020

## CERTIFICATE OF CONFERENCE

The undersigned, as counsel to Defendant Pets Global, Inc., hereby certifies that he has conferred with Charles F. Rodman, Esq., counsel to Plaintiff Weruva International, Inc., in an attempt to resolve or narrow the issues raised by Defendant's Motion to Terminate Deposition, but no agreement has been reached.

Respectfully submitted,

Dated:  August 15, 2012

/s/ Larry L. Varn
Larry L. Varn (BBO #508130)
*lvarn@pierceatwood.com*
Jeffrey E. Francis (BBO #639944)
*jfrancis@pierceatwood.com*
Kyle N. Kirby (BBO #679895)
*kkirby@pierceatwood.com*
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA  02110
Telephone: (617) 488-8100
Facsimile:  (617) 824-2020

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system.  Service on counsel of record has been effectuated by electronic means.

*/s/ Larry L. Varn*

{W3276712.1}