**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| WERUVA INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:12-CV-10447-WGY |
| PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat, | ) ) ) ) | |
| Defendant. | ) ) | |

# DEFENDANT'S EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS

Defendant Pets Global, Inc. d/b/a Fussie Cat and Premium Fussie Cat ("Pets Global"), by its attorneys, Pierce Atwood LLP, hereby moves, pursuant to Fed. R. Civ. P. 26 and 37, to compel Plaintiff Weruva International, Inc. ("Weruva") to produce certain documents and for sanctions upon Weruva for its failure to comply with its discovery obligations. Specifically, Pets Global seeks the exclusion of certain witnesses, expert reports, testimony and exhibits as described in Section I below (the "Exclusionary Relief") or, in the alternative, if the Court is the unwilling to grant the Exclusionary Relief then Pets Global requests the alternative relief (the "Alternative Relief") described in Section II below:

**I.     Exclusionary Relief Sought**

a) Preclude Weruva's CFO from testifying at trial;

b) Bar Weruva from using any documents its CFO had a role in preparing, maintaining or providing to support its claims or defenses, including for use by any of Weruva's experts;

{W3271559.2}

c) Preclude Weruva from introducing at trial, either directly or through an expert's testimony or report, any financial documents that it had a duty to produce and has yet to produce;

d) Strike Weruva's expert report on damages and preclude Weruva's purported expert(s) from testifying at trial;

e) Strike Weruva's damages claim in its entirety;

f) Preclude testimony of any Weruva employee whose responsive and non-privileged emails or other documents Weruva has failed to produce including but not limited to Daniel Wangerin, Michael Directo, Ward Reynolds and Anthony Guidice;

g) Compel Weruva to produce its marketing materials;

h) Compel Weruva to comply with its ESI obligations and produce a summation load file for its document production;

i) Bar Weruva from introducing into evidence at trial any testimony or expert reports, including the expert report of Dr. Carl Osborne, which is based upon or could be contradicted by the evidence, documents or testimony of the previously undisclosed veterinarians that Weruva purportedly consulted in connection with its urinary tract and kidney health claims on its web site;

j) Award monetary sanctions as necessary, including an award to Pets Global of its reasonable costs and attorneys' fees incurred as a result of Weruva's discovery violations to date.

**II.     Alternative Relief Sought**

In the alternative to the Exclusionary Relief which is described above, if the Court is not willing to grant the Exclusionary Relief sought, Pets Global requests the following alternative relief:

1. Compel Weruva to produce:

   a) All of the financial data provided to Weruva's purported damages expert;

   b) All of the monthly and annual reports on sales of cat food by specific distributors;

   c) Invoices to and from the Plant for the manufacturing and production of cat food;

   d) Emails and files for Anthony Guidice, Daniel Wangerin, Ward Reynolds and Michael Directo which are responsive to Defendant's First Set of Document Requests and/or which should have been produced by Weruva under its Initial Disclosure Obligations;

   e) Documents reflecting all communications to and from the veterinarians Weruva contacted in connection with the health claims made on Weruva's website;

   f) Roster of stores to which Weruva's sales staff has been assigned and calendar of visits to each store by sales staff;

   g) Marketing information described by Mr. Wangerin and Mr. Reynolds; and

   h) Summation load file of Weruva's document production.

2. After the production of documents described above, compel Weruva to produce for deposition and in some cases for the continued deposition, the following witnesses:

   a) Weruva's CFO, Kevin Troy;

   b) Anthony Guidice;

   c) David Wangerin;

   d) Michael Directo;

3. Order Weruva to pay Pets Global's costs, and attorneys' fees in connection with the depositions described in paragraph 2;

4. Continue the time for Weruva to submit its expert reports until 10 days after the completion of the production of documents and depositions described in paragraphs 1 and 2 above; and

5. Continue the trial of this matter until the completion of the production of documents, depositions and submission of expert reports described in paragraphs 1, 2, and 3 above.

The basis for this Motion, as laid out in more detail in the accompanying Memorandum of Law, includes:

1. Under Fed. R. Civ. P. 26(a)(1), Weruva has a continuing duty to provide to Pets Global "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." *Id.* at 26(a)(1)(A)(i). Likewise, Weruva must also produce a copy of all documents that it "may use to support its claims or defenses." *Id.* at 26(a)(1)(A)(ii). Finally, Weruva must disclose "a computation of each category of damages claimed," and "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Id.* at 26(a)(1)(A)(iii). The rules impose a duty to supplement or correct a disclosure or response if the party "learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* at 26(e)(1).

2. Weruva failed to satisfy its duties under Rule 26(a) and in its response to Pets Global's requests for production of documents in several respects, including by its: (1) failure to disclose the identity and existence of its CFO in its initial disclosures and supplemental

{W3271559.2}

disclosures; (2) failure to produce highly relevant financial information; (3) failure to preserve and produce responsive emails from employee accounts; (4) failure to produce marketing information; (5) failure to comply with ESI obligations; and (6) failure to disclose veterinarians that Weruva consulted in connection with the health claim on Weruva's website.

3.  This Court has the authority to, and should, impose sanctions on Weruva for these violations of its discovery obligations.

4.  Under the Federal Rules of Civil Procedure and governing case law, the Court can preclude a witness's testimony, exclude evidence, strike pleadings or defenses and impose monetary sanctions including awarding reasonable costs to the other party. *See* Fed. R. Civ. P. 37(c).

5.  Weruva cannot demonstrate that its failure to produce was substantially justified or is harmless given that trial is in three weeks and Pets Global's expert reports are due imminently and Pets Global will be substantially prejudiced by its failures to produce highly relevant materials.

6.  Pursuant to Local Rule 37.1, counsel for Pets Global sought to confer with Weruva's counsel in good faith.

WHEREFORE, For all of these reasons and for the additional reasons set forth in Pets Global's Memorandum of Law submitted with this Motion, the Court should grant Pets Global the Exclusionary Relief requested in this motion, or in the alternative, if the Court is not willing to grant the requested Exclusionary Relief, grant the Alternative Relief requested in its motion and grant Pets Global such further and additional relief as the Court deems just and proper.

Dated: August 16, 2012

          Respectfully submitted,

          PETS GLOBAL, INC.

          By its attorneys,

          /s/ Jeffrey E. Francis
          Larry L. Varn (BBO #508130)
          *lvarn@pierceatwood.com*
          Jeffrey E. Francis (BBO #639944)
          *jfrancis@pierceatwood.com*
          Kyle N. Kirby (BBO #679895)
          *kkirby@pierceatwood.com*
          PIERCE ATWOOD LLP
          100 Summer Street, Suite 2250
          Boston, MA  02110
          Telephone: (617) 488-8100
          Facsimile:  (617) 824-2020

## CERTFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Counsel for Pets Global certifies that he and counsel for Weruva conferred by letter and email correspondence, which correspondence has been submitted to the Court contemporaneously herewith, but could not narrow or resolve the issues raised by the above-motion and supporting memorandum.

          */s/ Jeffrey E. Francis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system.  Service on counsel of record has been effectuated by electronic means.

          */s/ Jeffrey E. Francis*