UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>PETS GLOBAL, INC.<br><br>Defendant. | CIVIL ACTION<br>1:12-CV-10447-WGY |

**PETS GLOBAL INC.'S OPPOSITION TO PLAINTIFF'S
EMERGENCY CROSS-MOTION FOR SANCTIONS
AGAINST DEFENDANT PETS GLOBAL, INC., AND ITS COUNSEL**

Defendant Pets Global, Inc. ("Pets Global"), by its undersigned counsel, hereby opposes Plaintiff's Emergency Cross-Motion for Sanctions Against Defendant, Pets Global and its counsel (ECF No. 71) (the "Cross-Motion"). In support hereof, Pets Global states as follows:

1. Defendants Cross-Motion is a red herring. The Cross-Motion argues extensively regarding the first video that Weruva presented at the deposition of Joseph John Hereford ("John Hereford") without previously producing it in discovery while also refusing to provide a copy of the video file or to disclose the URL for the website from which the video was presented. However, as was revealed by the deposition testimony that Weruva attached to its Cross-Motion, Weruva had completed its inquiry into the first video.

2. Counsel for Pets Global did not terminate the deposition until Weruva's counsel produced a second video which had not been disclosed in discovery and again refused to produce the video file or to disclose the URL for the second video.

3. Under Fed. R. Civ. P. 26 (a)(1)(A), Weruva has a continuing obligation to produce any documents, which include computer files such as the videos at issue here, that

{W3279499.1}

Weruva may use to support its claims or defenses. In addition, Pets Global has proffered a number of document requests that seek the production of any documents, including computer files which purportedly support Weruva's claims.

4. Neither Pets Global nor its counsel were aware of the existence of these videos prior to the deposition of John Hereford.

5. Ironically, the same day that Weruva filed its Cross-Motion attaching numerous pages from the transcript of the deposition of John Hereford (on the day after the deposition occurred and before the expiration of the ten day period of time that Weruva claims prohibits the filing of deposition transcripts under the Protective Order) Weruva filed its Motion to Strike the Affidavit of Jeffrey E. Francis in Support of Pets Global's Motion to Compel and for Sanctions (ECF No. 70).

6. Therefore, if and to the extent Pets Global is found to be in violation of the Protective Order by attaching the limited excerpts from the transcripts attached to the Affidavit of Jeffrey Francis, Weruva has committed the same violation of the Protective Order by attaching the excerpts of from the transcript of John Hereford before counsel for Pets Global had even had an opportunity to review it. Clearly, this action by Weruva and Weruva's counsel subsequent admission during a conference on August 17, 2012 that there was nothing Weruva deemed confidential or highly confidential in the transcript pages attached to the Affidavit of Jeffrey Francis, are all a clear indication that the Motion to Strike was filed in bad faith and merely to delay, hinder and distract form the resolution of Pets Global's Motion to Compel and for Sanctions (ECF No. 66) and, therefore, the Motion to Strike (ECF No. 70) should be denied.

7. Through the use of the previously undisclosed and unproduced video files at the deposition of John Hereford, the deposition was being conducted at the time of its termination to

{W3279499.1}

annoy, embarrass and oppress Pets Global and the deponent. This conduct is symptomatic of Weruva's counsel's inappropriate behavior in this matter.

8. For example, during the deposition of Pets Global's Chief Executive Officer, Calvin Lee, who was born, raised and educated in the United Kingdom (including receiving a degree from the University of Lincolnshire)[1] and despite over three and a half hours of questioning to that point, counsel for Weruva decided to inquire whether or not he needed to conduct the deposition in another language and whether English was Mr. Lee's first language.

9. In addition, earlier in that same deposition, counsel for Weruva questioned Mr. Lee as to his ancestry and that of Mr. Lee's parents. These questions as to Mr. Lee's and his parents' ancestry, as well as the questions as to what language was Mr. Lee's first language despite his flawless use of English during the deposition, were asked of no other witness by Weruva's counsel and were intended to embarrass, harass, annoy and oppress Mr. Lee based solely upon his Asian ethnicity.

10. Based on Weruva's counsel's history of inappropriate conduct, the actions at Mr. John Hereford's deposition was just one more example, and indeed one step too far, of Weruva's counsel harassing and oppressive conduct and for this reason counsel for Pets Global moved to terminate that deposition.

---

[1] Mr. Lee had already testified as to these facts in the first few moments of his deposition.

WHEREFORE, Pets Global respectfully requests that the Cross Motion be denied and that Pets Global's Motion to Terminate the Deposition of John Joseph Hereford be granted and that the Court grant such further and additional relief as the Court deems just and proper.

Dated: August 17, 2012

Respectfully submitted,

PETS GLOBAL, INC.

By its attorneys,

/s/ Jeffrey E. Francis
Larry L. Varn (BBO # 508130)
lvarn@pierceatwood.com
Jeffrey E. Francis (BBO #639944)
jfrancis@pierceatwood.com
PIERCE ATWOOD LLP
100 Summer Street
Suite 2250
Boston, MA  02110
Telephone: (617) 488-8100
Facsimile: (617) 824-2020

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system.  Service on counsel of record has been effectuated by electronic means.

/s/ Jeffrey E. Francis