# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:12-CV-10447-WGY |
| | ) |
| PETS GLOBAL, INC. d/b/a Fussie | ) |
| Cat and Premium Fussie Cat, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PETS GLOBAL, INC'S ANSWERS TO
## WERUVA INTERNATIONAL, INC'S FIRST SET OF INTERROGATORIES

Pets Global, Inc. ("Pets Global"), by its undersigned counsel, hereby responds and

objects as follows to Weruva International, Inc.'s ("Weruva") First Set of Interrogatories (the

"Interrogatories" with each and "Interrogatory").

### GENERAL OBJECTIONS

1.      Pets Global objects to the Interrogatories to the extent that any interrogatory seeks

information or documents that were generated, received or obtained by Pets Global after the

commencement or in anticipation of the instant case, or that are protected from disclosure by the

attorney-client privilege, the work product doctrine, or any other applicable privilege or

discovery immunity.  Any inadvertent disclosure of material protected by the attorney-client

privilege, the work product doctrine, or any other applicable privilege or discovery immunity is

not intended and should not be construed to constitute a waiver.

{W3268464.2}

2.      Pets Global objects to the Interrogatories to the extent that they are overbroad and unduly burdensome and seek information from Pets Global that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Pets Global objects to the Interrogatories to the extent that they are unduly and impermissibly vague and, therefore, incapable of being answered responsively.

4.      Pets Global objects to the Interrogatories to the extent that certain Interrogatories are improper and premature in that they seek information concerning Pets Global's contentions or purports to require Pets Global to state all facts or identify all documents upon which it relies for a particular claim or defense in this action.  Weruva has yet to produce all responsive documents to Pets Global's pending document requests and not all depositions have occurred in this matter.  Therefore, Pets Global reserves its right to supplement its responses to the Interrogatories, although Pets Global limits its duty to do so to the obligations imposed by the Federal Rules of Civil Procedure, and is in no way limited in asserting facts or identifying documents upon which it relies for a particular claim or defense in this action by its response to the Interrogatories.

5.      Pets Global objects to the Interrogatories to the extent that any Definition or Interrogatory seeks to impose obligations upon Pets Global in excess of those imposed by the Federal Rules of Civil Procedure.

6.      Pets Global objects to these Interrogatories in that they far exceed the number (25 written Interrogatories including discrete subparts) of interrogatories a party is permitted to serve under Fed. R. Civ. P.33.  Including discrete subparts, Weruva exceeded its number of permitted written Interrogatories after Interrogatory No. 5(e).  Therefore, Pets Global is under no obligation to respond to any Interrogatories after Interrogatory No. 5(e), and its response here are without

waiving of Pets Global's right to refuse to answer any written Interrogatory after Interrogatory No. 5(e).

Pets Global hereby incorporates each of the preceding General Objections into each of the specific responses set forth below.

## INITIAL DISCLOSURE STATEMENT AND AFFIDAVIT OF DANIEL HEREFORD

Pets Global incorporates by reference into each of its Interrogatory Reponses below its Amended Initial Disclosure Statement and hereby incorporates into and amends its Amended Initial Disclosure Statement with each of its Interrogatory Response below. Furthermore, Pets Global incorporates by reference into each of its Interrogatory responses below the Affidavit of Daniel Hereford, as if set forth fully herein.

## RESPONSES AND OBJECTONS TO SPECIFIC INTERROGATORIES

### Interrogatory No. 1

Please identify the ingredients and/or formula for each Fussie Cat and/or Premium Fussie Cat brand cat food product that was labeled for sale in the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

> (a) The name of each product;
>
> (b) The formula of each product;
>
> (c) The ingredients contained in each product;
>
> (d) The country of origin for each ingredient contained in each product; and
>
> (e) All information contained on the label for each product.

### Response No. 1

Without waiving and subject to the General Objections, Pets Global objects to this Interrogatory as it is overly burdensome and seeks information from Pets Global that is neither

relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Pets Global responds that, pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained, except that as discussed and agreed by counsel for the parties Pets Global will not produce the "Formula" for each product.

**Interrogatory No. 2**

Please identify all changes that have been made to the ingredients and/or formula for each Fussie Cat and/or Premium Fussie Cat brand cat food product that was labeled for sale in the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

(a) The name of each product;

(b) The date of the change to each product's ingredients and/or formula;

(c) The nature of the change to each product's ingredients and/or formula;

(d) The reason for the change to each product's ingredients and/or formula; and

(e) All information contained on the label for each product.

**Response No. 2**

Without waiving and subject to the General Objections, Pets Global objects to this Interrogatory as it is overly burdensome and seeks information from Pets Global that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, Pets Global responds that, pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained, except that as discussed and agreed by counsel for the parties, Pets Global will not produce the "Formula" for each product.

**Interrogatory No. 3**

Please identify all communications that have taken place concerning the ingredients and/or formula for each Fussie Cat and/or Premium Fussie Cat brand cat food product that was labeled for sale in the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

> (a) The date of each communication;
>
> (b) The form of each communication;
>
> (c) The substance of each communication;
>
> (d) Each person involved in each communication; and
>
> (e) All documents that reflect or relate to each communication.

**Response No. 3**

Without waiving and subject to the General Objections, Pets Global objects to this Interrogatory as it is overly burdensome, seeks information from Pets Global that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence and seeks the disclosure of information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving and subject to these objections, Pets Global responds that, pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained, except as discussed and agreed by counsel for the parties, Pets Global will not produce the "Formula" for its products.

**Interrogatory No. 4**

Please identify all communications that have taken place concerning the labels for each Fussie Cat and/or Premium Fussie Cat brand cat food product that was labeled for sale in the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

        (a) The date of each communication;

        (b) The form of each communication;

        (c) The substance of each communication;

        (d) Each person involved in each communication; and

        (e) All documents that reflect or relate to each communication.

**Response No. 4**

Without waiving and subject to the General Objections, Pets Global objects to this Interrogatory as it is overly burdensome and seeks the disclosure of information protected from disclosure by the attorney-client privilege and work product doctrine. Without waiving and subject to these objections, Pets Global responds that, pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 5**

Please identify all changes that have been made to the label for each Fussie Cat and/or Premium Fussie Cat brand cat food product that was labeled for sale in the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

        (a) The name of each product;

        (b) The date of the change to each product's label;

(c) The nature of the change to each product's label;

(d) The reason for the change to each product's label; and

(e) All information contained on the label for each product.

**Response No. 5**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 6**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans that contained a label bearing the words "Prevent Urinary Tract Infection" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

(a) The date of each shipment;

(b) The number of cans in each shipment;

(c) The identity, including the name, address, and phone number, of each distributor to whom each such shipment was made; and

(d) The identity, including the name, address, and phone number of each individual retailer, to whom each such shipment was made.

**Response No. 6**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 7**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "Supports Urinary Tract Health" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

> (a) The date of each shipment;
>
> (b) The number of cans in each shipment;
>
> (c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and
>
> (d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 7**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 8**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "Helps Support Healthy Vision and Brain Development" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

> (a) The date of each shipment;
>
> (b) The number of cans in each shipment;
>
> (c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and
>
> (d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 8**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 9**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "New and Improved" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

     (a) The date of each shipment;

     (b) The number of cans in each shipment;

     (c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and

     (d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 9**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 10**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "Promotes Healthy Digestive System" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

     (a) The date of each shipment;

(b) The number of cans in each shipment;

(c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and

(d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 10**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 11**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "Human Grade Product" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

(a) The date of each shipment;

(b) The number of cans in each shipment;

(c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and

(d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 11**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 12**

Please identify each shipment of Fussie Cat and/or Premium Fussie Cat brand cat food cans containing a label bearing the words "Vitamin K3 Supplement" made to the United States from January 1, 2010, up through the present time, including in your answer a detailed identification of the following information:

      (a) The date of each shipment;

      (b) The number of cans in each shipment;

      (c) The identity, including the name, address, and phone number of each distributor to whom each such shipment was made; and

      (d) The identity, including the name, address, and phone number of each individual retailer to whom each such shipment was made.

**Response No. 12**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 13**

Please describe, in full and complete detail, each and every fact that supports any claim and/or statement that any Fussie Cat and/or Premium Fussie Cat brand cat food product "prevents urinary tract infection," "supports urinary tract health," "promotes a healthy digestive system," and/or "helps support health vision and brain development."

**Response No. 13**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

Pets Global further responds that the portions of this request pertaining to "healthy digestive system" and "vision and brain development" are neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Weruva has made no false advertising claims in connection with these statements.

**Interrogatory No. 14**

Please describe, in full and complete detail, each and every fact that supports any claim and/or statement that any Fussie Cat and/or Premium Fussie Cat brand cat food product is "new and improved."

**Response No. 14**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 15**

Please describe, in full and complete detail, each and every fact that supports any claim and/or statement that any Fussie Cat and/or Premium Fussie Cat brand cat food product is "human grade product."

**Response No. 15**

Without waiving and subject to the General Objections, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

Pets Global also responds that this interrogatory calls for information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Pets Global does not currently characterize its Fussie Cat brand products as "human grade product."

**Interrogatory No. 16**

Please identify all studies and/or clinical trials that were performed concerning any Fussie Cat and/or Premium Fussie Cat brand cat food products that were labeled for sale in the United States from January 1, 2010 up through the present, including in your answer a detailed identification of the following information:

>  (a) The date of each study or trial;
>
>  (b) The location of each study of trial;
>
>  (c) The name and, if applicable, professional association of each person involved in each study or trial;
>
>  (d) The compensation paid to each person involved in each study or trial;
>
>  (e) The cost of each study or trial; and
>
>  (f) The results of each study or trial.

**Response No. 16**

Without waiving and subject to the General Objections, Pets Global responds that the terms "studies" and "clinical trials" are unduly and impermissibly vague and, therefore, incapable of being answered responsively.  In addition, Pets Global specifically objects to this Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine and Weruva has far exceeded the number of interrogatories, including discrete subparts, permitted under Fed. R. Civ. P. 33.

**Interrogatory No. 17**

Please identify all facts that support your claim that ingredients from China were not used in any Fussie Cat and/or Premium Fussie Cat brand cat food products that were labeled for sale in the United States from January 1, 2010, up through the present.

**Response No. 17**

Without waiving and subject to the General Objections, Pets Global responds that all of Pets Global's Fussie Cat Cat Food are processed and packaged, and all ingredients contained therein are sourced by, Southeast Asian Packaging and Canning Ltd. at its factory in Samut Prakarn, Thailand which is near Bangkok on the Gulf of Thailand.

Pets Global's management was surprised to read in Weruva's complaint in this action that contrary to what Pets Global had been informed previously by the factory in Thailand that some of its cat food products contained ingredients from China. When Pets Global learned for the first time that some of its ingredients, including peas, carrots, some vitamins and a few other harmless ingredients were sourced from China, Pets Global promptly removed any reference to its products not containing ingredients from China from its marketing materials and took down its internet website.

Pets Global further responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced and/or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

**Interrogatory No. 18**

Please identify all statements that have been included in any marketing materials, including, without limitation, PGI's website (www.fussiecat.com) and/or Facebook profile (www.facebook.com/FussieCat), concerning the ingredients of any Fussie Cat and/or Premium

Fussie Cat brand cat food products, including in your answer a detailed identification of the following information:

      (a) Each statement that appeared in any such marketing materials;

      (b) The source of each statement, whether contained in written materials, on PGI's website and/or Facebook profile, or otherwise;

      (c) The date each statement was made; and

      (d) The factual basis for each statement.

## Response No. 18

Without waiving and subject to the General Objection, Pets Global responds that pursuant to Fed. R. Civ. P. 33(d), Pets Global has produced or will produce documents to Weruva from which the answer to this Interrogatory may be derived or ascertained.

In addition, Pets Global specifically objects to this Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine and Weruva has far exceeded the number of Interrogatories, including discrete subparts, permitted under Fed. R. Civ. P. 33.

## Interrogatory No. 19

Please identify all statements that have been included in any marketing materials, including, without limitation, PGI's website (www.fussiecat.com) and/or Facebook profile (www.facebook.com/FussieCat), concerning any medical benefits associated with any Fussie Cat and/or Premium Fussie Cat brand cat food products, including in your answer a detailed identification of the following information:

      (a) Each statement that appeared in any such marketing materials;

      (b) The source of each statement, whether contained in written materials, on PGI's website and/or Facebook profile, or otherwise;

      (c) The date each statement was made; and

(d) The factual basis for each statement.

**Response No. 19**

Without waiving and subject to the General Objections, Pets Global responds that the term "medical benefit" is unduly and impermissibly vague and, therefore, incapable of being answered responsively.

In addition, Pets Global specifically objects to this Interrogatory as it seeks information protected by the attorney-client privilege and the work product doctrine and Weruva has far exceeded the number of Interrogatories, including discrete subparts, permitted under Fed. R. Civ. P. 33.

**Interrogatory No. 20**

Please identify the name, address, and phone number of the location where PGI's Zignature pet food is manufactured.

**Response No. 20**

Without waiving and subject to the General Objections, Pets Global responds that this interrogatory calls for information that is neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

In addition, Pets Global specifically objects to this Interrogatory as Weruva has far exceeded the number of Interrogatories, including discrete subparts, permitted under Fed. R. Civ. P. 33.

**Interrogatory No. 21**

Please state all facts that support your assertion, as stated in paragraph vii of the Joint Pretrial Memorandum which was filed with the Court on July 23, 2012, that Weruva and/or Jana Brands have engaged in conduct that gives rise, or may give rise, to any of the following claims:

(a) attempted monopolization of the market for human style cat food in the
United States;

(b) predatory pricing;

(c) conspiracy to restrain trade;

(d) tortuous interference with Pets Global's contractual relationships and
advantageous business relationships;

(e) defamation or other injurious falsehoods designed and intended to injure, and
which in fact caused injury to, Pets Global; or

(f) unfair or deceptive acts and practices in violation of, inter alia, Mass. Gen.
Laws c. 93A and cognate statutes in other states.

**Response No. 21**

Without waiving and subject to the General Objections, Pets Global responds that it filed

a motion seeking leave to file an amended answer, attached to which was Pets Global's proposed

amended answer (Document No. 59).  In its proposed amended answer, Pets Global set forth a

counterclaim and third party complaint that allege the facts, then known, that support its

assertion that Weruva and/or Jana Brands have engaged in the conduct specified.  Pets Global

hereby incorporates by reference its proposed amended answer and counterclaim.

Pets Global further responds that the facts presented in its proposed amended answer and

counterclaim are based on Weruva and Jana Brands' limited document production as of that date.

Thus, this response in no way is intended to or should limit Pets Global's ability to discover and

assert additional facts learned at a later date.  And this response in no way is intended to or

should limit Pets Global's ability to assert facts contained in the documents produced to date by

Weruva and Jana Brands but that were not specifically identified in Pets Global's proposed

amended answer and counterclaim.

In addition, Pets Global specifically objects to this Interrogatory as it seeks information

protected by the attorney-client privilege and the work product doctrine and Weruva has far

exceeded the number of Interrogatories, including discrete subparts, permitted under Fed. R. Civ.
P. 33.

**Interrogatory No. 22**

Please state each and every fact that supports each of PGI's affirmative defenses
contained in its Answer.

**Response No. 22**

Without waiving and subject to the General Objections, Pets Global objects to this
request as overly broad, unduly burdensome and premature.  Pets Global is not yet aware of all
potential witnesses and documents and therefore reserves the right to add additional facts and
documents as they become known during discovery.

In addition, Pets Global specifically objects to this Interrogatory as it seeks information
protected by the attorney-client privilege and work product doctrine and Weruva has far
exceeded the number of Interrogatories, including discrete subparts, permitted under Fed. R. Civ.
P. 33.

Objections Interposed by,


/s/ Jeffrey E. Francis
Larry L. Varn (BBO# 508130)
*lvarn@pierceatwood.com*
Jeffrey E. Francis (BBO # 639944)
*jfrancis@pierceatwood.com*
Kyle N. Kirby (BBO# 679895)
*kkirby@pierceatwood.com*
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
Telephone: (617) 488-8100
Facsimile:  (617) 824-2020

## VERIFICATION

I, Daniel Hereford, President of Pets Global, Inc., verify that: I am authorized agent of Pets Global, Inc. for the purposes of executing these answers: these answers were prepared with the assistance of counsel and are based on the information available to me and they are, therefore, verified on behalf of Pets Global, Inc.


*/s/ Daniel Hereford*
Daniel Hereford
President of Pets Global, Inc.