UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WERUVA INTERNATIONAL, INC.,<br>　　　　Plaintiff<br><br>vs.<br><br>PETS GLOBAL, INC. d/b/a Fussie Cat<br>and Premium Fussie Cat,<br>　　　　Defendants | )<br>)<br>)<br>)　Case No. 1:12-CV-10447 (WGY)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTION TO PETS GLOBAL, INC.'S OPPOSITION TO PLAINTIFF'S
EMERGENCY CROSS-MOTION FOR SANCTIONS**

　　　The Plaintiff, Weruva International, Inc. ("Weruva"), objects to Defendant's Opposition to Plaintiff's Emergency Cross-Motion for Sanctions ("Opposition") on the grounds that the Opposition is devoid of any evidentiary basis and is simply proffered to sully the unblemished reputation of Plaintiff's counsel and to distract from the issues in this case - the Defendant's conduct - for which there is no defense.

　　　The grounds for this Objection are that the Opposition (which is factually untrue) is unsupported by any affidavit and is, quite astonishingly, solely supported by the unverified representations of Jeffrey Francis, <u>who was not even present at the deposition of Joseph Hereford or at the deposition of of Raymond Lee (a/k/a Calvin Lee)</u> – the latter of which has been thrust into a debate over whether Defendant's counsel had the right to unilaterally terminate a deposition because he was not supplied with a URL.

　　　Importantly, despite now having two bites at the proverbial apple (once by its initial motion and once again by its Opposition), the Defendant is unable to provide the court with <u>any</u> legal basis for its counsel's termination of the deposition of a non-party witness whom Weruva's counsel traveled approximately 3,000 miles to depose.  And despite its two bites, the Defendant

is unable to refer the Court to <u>a single discovery request</u> to which the videos would have been responsive.

As for the allegations regarding Mr. Lee's deposition – which indeed has absolutely nothing to do with Mr. Varn's improper termination of the Hereford deposition – there is no factual basis, none, to support the assertions contained within the Opposition. Affidavit of Charles F. Rodman, Esquire, ¶ 2.  And counsel for the Plaintiff finds it disrespectful and totally inappropriate to exploit obvious language differences from one deposition by using them to attack opposing counsel when arguing an occurrence from another.  One thing has absolutely nothing to do with the other.

Due to the Defendant's gross evidentiary violations, Weruva's objection must be sustained.

Dated: August 18, 2012                    WERUVA INTERNATIONAL, INC.,
                                          By its attorneys,


                                          _____/s/ Michael V. Parras, Jr._____
                                          Charles F. Rodman, BBO# 641216
                                          rodman@rodmanlawgroup.com
                                          Michael V. Parras, Jr., BBO# 661298
                                          parras@rodmanlawgroup.com
                                          Rodman Law Group LLC
                                          36 Washington Street, Suite 190
                                          Wellesley Hills, MA 02481
                                          (781) 237-5500 [P]
                                          (781) 237-5550 [F]

CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing Objection to Pets Global, Inc.'s Opposition to Plaintiff's Emergency Cross-Motion for Sanctions and all supporting documents were served upon the attorney of record for all parties via the Court's electronic filing system on August 18, 2012.

                                      */s/ Michael V. Parras, Jr.*
                                      Michael V. Parras, Jr.