UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WERUVA INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PETS GLOBAL, INC. d/b/a Fussie Cat and Premium Fussie Cat, <br><br> Defendant. | Civil Action No. 1:12-CV-10447-WGY |

### AFFIDAVIT OF LARRY L. VARN, ESQ. IN SUPPORT OF OPPOSITION TO EMERGENCY CROSS MOTION FOR SANCTIONS

I, Larry L. Varn, first being duly sworn, hereby depose and state:

1. I am a partner at the law firm of Pierce Atwood LLP, counsel for Defendant Pets Global, Inc. ("Pets Global") in this matter. I have been a member in good standing of the bar of the Commonwealth of Massachusetts and of the bar of the United States District Court for the District of Massachusetts since 1982. I am also a member in good standing of the bars of the United States Court of Appeals for the First and Eleventh Circuits.

2. I was present throughout and represented Pets Global at the deposition of Raymond (nickname "Calvin") Lee, Pets Global's CEO and sole shareholder and director, on Tuesday, August 14, 2012, in Irvine, California. Mr. Lee is of Chinese descent, although raised and educated through a college degree in the United Kingdom.

3. Throughout the deposition of Mr. Lee, counsel to Plaintiff, Weruva International, Inc.'s ("Weruva"), had a significantly different demeanor and expressed significantly different non-verbal communications than he did at other depositions in the case, particularly the

{W3280370.1}

deposition the previous day of Daniel Hereford, Pets Global's President and who is of Caucasian descent. In particular, unlike any other witness, Mr. Lee was questioned about his ancestry and the ancestry of his parents. He was also questioned at one point about his preferred language although he had previously testified that he was born, raised and educated in the United Kingdom and that English was his principal language. In addition, Weruva's counsel frequently interrupted and "talked over" Mr. Lee while he was in the process of responding to questions.

4. To avoid even the assertion of violation of the Protective Order in this case, I will provide copies of the relevant deposition pages upon request of the Court or after expiration of the 10 day period under paragraph 4 of the Protective Order.

5. Mr. Lee became frustrated at the behavior of Weruva's counsel. During one break in the deposition, Mr. Lee specifically confronted Weruva's counsel about what Mr. Lee perceived, quite reasonably in my opinion, as Weruva's counsel's "problem with Chinese people". Weruva's counsel ultimately apologized for having offended Mr. Lee on the basis of Mr. Lee's ancestry and ethnicity.

Signed under the pains and penalties of perjury this 20th day of August, 2012.

/s/ LARRY L. VARN
LARRY L. VARN, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2012, I electronically filed the above-document and that such document is available for viewing and downloading from the court's ECF system. Service on counsel of record has been effectuated by electronic means.

/s/ LARRY L. VARN